IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IMMUDYNE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-662 |
| | § | |
| NINO SORGENTE, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending before the Court is the Motion for Leave to File a Permissive Counterclaim Against Immudyne and to Join Mark McLaughlin as a New Party (Document No. 11) filed by Nino Sorgente. Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

BACKGROUND

On April 22, 2004, Immudyne Incorporated ("Immudyne") filed suit against Defendant Nino Sorgente ("Sorgente") in the 11th District Court of Harris County, Texas alleging breach of contract, breach of fiduciary duty, misappropriation of trade secrets, business disparagement, and defamation. On February 28, 2005, Sorgente removed the suit from the 11th District Court to this Court pursuant to 28 U.S.C. § 1441. Sorgente filed his answer to Plaintiff's Original Petition on March 4, 2005.

On June 7, 2005, Sorgente filed the instant motion seeking to amend his pleadings to assert a counterclaim against Immudyne and assert a claim against Mark McLaughlin ("McLaughlin") for defamation. Sorgente alleges that after filing his answer, he became aware of defamatory statements made by McLaughlin. McLaughlin allegedly made these statements in his role as President of Immudyne, a position previously held by Sorgente. Sorgente alleges that after his resignation as President, Immudyne and its officers, including McLaughlin, published a series of defamatory statements regarding the circumstances surrounding Sorgente's resignation.

Immudyne filed its response to the motion on June 16, 2005 seeking to deny Sorgente the ability to assert a counterclaim against Immudyne and to deny his ability to join McLaughlin as a new party. Immudyne alleges that the proposed counterclaim and McLaughlin's joinder are improper under to the applicable Federal Rules of Civil Procedure. Immudyne also alleges that Sorgente is merely seeking to delay the adjudication of this lawsuit.

## LAW & ANALYSIS

A.   *Sorgente's Counterclaim Against Immudyne*

Sorgente seeks to file a counterclaim against Immudyne. Sorgente alleges he became aware of the facts that constitute his proposed counterclaim after filing his answer. As such, his request for leave to amend falls under either Rules 13(e) or 13(f)

2

of the Federal Rules of Civil Procedure.

The decision to allow leave to amend to file an omitted counterclaim under Rule 13 lies within the discretion of the court. *Imperial Enter., Inc. v. Fireman's Fund Ins. Co.*, 535 F.2d 287, 293 (5th Cir. 1976); *See* 6 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1430 at 218 (2d ed. 1990). The United States Court of Appeals for the Fifth Circuit has held that when determining whether or not to allow a counterclaim under Rule 13 the district court must use its discretion to balance the equities and make sure the counterclaim does not burden either party. *See Rohner, Gehrig & Co. v. Capital City Bank*, 655 F.2d 571, 576 (5th Cir. Unit B 1981). Generally, a district court should not allow a counterclaim under Rule 13 if it will cause undue prejudice to the other party. *See T.J. Stevenson & Co., Inc. v. 81,193 Bags of Flour*, 629 F.2d 338, 371 (5th Cir. 1980). However, absent undue delay, bad faith, or severe prejudice, leave to amend should be granted. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Sorgente moves to counterclaim under Rule 13(e) and (f). Rule 13(f) governs counterclaims that were inadvertently omitted from the original pleading. *See* FED. R. CIV. P. 13(f). Rule 13(f) states that amendments should be allowed "[w]hen justice so requires." *Id*. Because courts can allow amendment "when justice requires," Rule 13(f) is "[e]specially flexible and enables the court to exercise its discretion and permit

3

amendment whenever it seems desirable to do so." WRIGHT, *supra*, § 1430 at 219.

Sorgente's proposed counterclaim was omitted from his original pleading because he lacked knowledge of the defamatory statements made by Immudyne's officers when he filed his answer, thereby making the counterclaim proper under 13(f). *See* FED. R. CIV. P. 13(f). After balancing the equities the Court determines that it would be a prudent exercise of discretion to allow Sorgente's counterclaim under Rule 13(f) because it would place no extra burden on Immudyne due to the similar nature of the two claims. *See Rohner*, 655 F.2d at 576. Indeed, Sorgente's claim will not prejudice Immudyne in any substantial way or interfere with the adjudication of its original claim.

Sorgente also moves under Rule 13(e) which governs counterclaims that mature after the service of an original pleading . *See* FED. R. CIV. P. 13(e). A counterclaim filed under Rule 13(e) does not mature until after a party has served its original pleading, therefore it cannot be considered a compulsory counterclaim. *Young v. City of New Orleans*, 751 F.2d 794, 801 (5th Cir. 1985). A counterclaim that arises after a pleading has been filed is deemed to be permissive, making it unnecessary that the claim arise out of the same transaction or occurrence as the underlying suit.[1] *See* FED.

---

[1] A party seeking to file permissive counterclaim must have an independent jurisdictional basis. *Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 237 (5th Cir. 1988). Here, the Court has diversity jurisdiction over Immudyne since the amount in

R. CIV. P. 13(b) (governing permissive counterclaims). Here, Sorgente's claim became mature after he filed his answer when he learned of the alleged defamatory statements made by Immudyne's officers, thereby making it a permissive counterclaim under Rule 13(e) at this stage in the proceedings. *See* FED. R. CIV. P. 13(e). After analyzing the claims, the Court determines allowing the counterclaim will not prejudice Immudyne or cause confusion of the issues. Indeed, Immudyne's original suit alleges defamation, therefore Immudyne will not be prejudiced and the issues in the case will not be confused by allowing Sorgente to bring his own counterclaim for defamation. *See T.J. Stevenson*, 629 F.2d at 371. Therefore, the Court determines that Sorgente's claim is appropriate under 13(e).

Despite the fact that Sorgente's claims ostensibly fall within Rule 13(e) or 13(f), Immudyne alleges that the counterclaim should not be permitted because it was brought to delay the proceedings. Immudyne further alleges that Sorgente seeks to confuse the issues. However, mere delay in the proceedings is not enough to deny leave to amend; there must be some prejudice that would result to the non-moving party if the amendment was allowed. *See Zenith Radio Corp., v. Hazeltine Research Inc.*, 401 U.S. 321, 330-31 (1971); *Dussouy*, 660 F.2d at 598. Therefore, Immudyne's

---

controversy exceeds $75,000 and the suit is between citizens of different states. *See* 28 U.S.C. § 1332 (2000). Consequently, Sorgente meets the requisite burden of establishing an independent basis for jurisdiction over Immudyne.

allegations of a dilatory motive are insufficient for the Court to deny Sorgente's proposed counterclaim.

In sum, Sorgente's claim is appropriate under Rule 13(e) since it was not mature at the time of his answer. Sorgente's claim can also be brought under 13(e) because counterclaims brought under 13(e) are permissive thereby eliminating the need for a common transaction or occurrence. In the alternative, Sorgente's counterclaim is appropriate under the flexible provision in Rule 13(f) allowing omitted counterclaims "when justice requires." Finally, Immudyne does not allege significant prejudice that requires the Court to strike the proposed counterclaim. Therefore, Sorgente's request to file a counterclaim against Immudyne is granted.

B.   *Joinder of McLaughlin Under Rule 20(a)*

Sorgente seeks leave to amend his pleadings so that he may join McLaughlin as a new party in this suit and proceed with a defamation claim against McLaughlin. McLaughlin held the position of President of Immudyne after Sorgente was forced to resign from that same post. Sorgente alleges that, while in his role as President of Immudyne, McLaughlin defamed him.

Sorgente's request to join McLaughlin falls under Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20(a) states that when determining whether joinder would be proper, the district court must focus on two things: (1) did the proposed claim

for joinder arise "[o]ut of the same transaction, occurrence, or series of transactions or occurrences," as the underlying suit; and (2) is there any "[q]uestion of law or fact" common to all defendants that will arise in the action. *See* FED. R. CIV. P. 20(a). Both requirements of this two-part test must be met in order for joinder of a defendant to be proper. *Lott v. Eastman Kodak Co.*, No. 97-CV-2560-P, 1999 WL 242688, at *2 (N.D. Tex. Apr. 16, 1999) (noting both requirements must be satisfied); *Music Merch., Inc. v. Capitol Records, Inc.*, 20 F.R.D. 462, 465 (E.D.N.Y. 1957) (noting Rule 20(a) uses the conjunctive "and" instead of the disjunctive "or"); 7 WRIGHT, *supra*, § 1653 at 403-04 (stating both tests must be met).

The first step in deciding whether joinder is proper is to determine whether Sorgente's proposed claim against McLaughlin arises out of the same "[t]ransaction or occurrence, or series of occurrences" as Immudyne's underlying lawsuit. *See* FED. R. CIV. P. 20(a). When determining what constitutes a transaction or occurrence courts apply a case-by-case approach and avoid strict rules. *See Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). The transaction requirement in Rule 20(a) is not a stringent test and should be read broadly to increase judicial efficiency. *Battison v. City of Electra*, No. 7:01-CV-037-R, 2001 WL 497769, at *1 (N.D. Tex. May 8, 2001); *see* WRIGHT, *supra*, § 1653 at 410. Identical backgrounds are not required in order for claims to be properly joined as one transaction and merely a

7

logical relationship between the two claims will suffice. *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (quoting *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926)).

The proposed joinder of McLaughlin arises out of the same transaction or occurrence as Immudyne's underlying suit. Both the joinder claim and the underlying suit arise out of conduct that occurred after Sorgente left Immudyne. Since identical factual situations are not required, Sorgente's proposed joinder passes the first test since it bears a "logical relationship" to Immudyne's underlying suit. *See Alexander*, 207 F.3d at 1323.

Sorgente must next demonstrate that the his claim against McLaughlin shares common questions of law or fact with those alleged in Immudyne's suit. *See* FED. R. CIV. P. 20(a). Not all questions of law and fact raised by the proposed joinder need to be identical to the original complaint, only "[s]ome question of law or fact must be common to all parties." *Alexander*, 207 F.3d at 1324.

When claims share a common nexus, "[t]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Sorgente has shown that there are sufficient similarities between the two claims to allow joinder of McLaughlin. Both the original

complaint against Sorgente and the proposed claim against McLaughlin concern defamatory actions by both parties after Sorgente left Immudyne. Joining McLaughlin to this suit is appropriate since the two claims arise out of a common series of occurrences. Also, the addition of McLaughlin is not unfair to Immudyne and would not place an extra burden on the parties since similar issues of law and fact govern both claims. Therefore, the Court will allow Sorgente to add McLaughlin as a party to the suit. Given the foregoing, the Court hereby

ORDERS that Sorgente's Motion for Leave to File a Permissive Counterclaim Against Immudyne, Inc. and to Join Mark McLaughlin as a New Party (Document No. 11) is GRANTED. Sorgente shall have fifteen (15) days from the date of entry of this Order to file his counterclaim and add McLaughlin as a party.

SIGNED at Houston, Texas, on this 9th day of August, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge